UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. SUGGS,<br><br>              Petitioner,<br><br>     v.<br><br>MALANIE BRUNS,<br><br>              Respondent. | Case No. 5:25-cv-02199-GW-JC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I.   SUMMARY

On August 15, 2025, petitioner Eric W. Suggs, a California prisoner who is proceeding *pro se*, formally filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition"). The Current Federal Petition challenges petitioner's conviction and the judgment in Riverside County Superior Court Case No. SWF1500568 ("State Case") on multiple grounds.

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.

## II. PROCEDURAL HISTORY[1]

### A. The State Case and Related State Court Proceedings

On June 25, 2015, a Riverside County Superior Court jury in the State Case found petitioner guilty of false imprisonment (Cal. Penal Code § 236), forcible oral copulation (Cal. Penal Code § 288a(c)(2)(A)), forcible rape (Cal. Penal Code § 261(a)(2)), and criminal threats (Cal. Penal Code § 422). The jury also found true enhancement allegations that petitioner personally used a dangerous weapon (knife) in the commission of the forcible oral copulation and forcible rape (Cal. Penal Code §§ 12022, 12022.3, and 12022.5). In a bifurcated proceeding, the trial court found true allegations that petitioner suffered two prior felony convictions and served two prior prison terms (Cal. Penal Code § 667.5(b)). On July 16, 2015, the trial court sentenced petitioner to 30 years to life in state prison.

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division Two ("California Court of Appeal"), which ordered the prior prison enhancements stricken, but otherwise affirmed the judgment on December 8, 2016 in Case No. E064058. Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on February 17, 2017 in Case No. S239341.

Petitioner thereafter sought and was denied habeas relief in the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court.

---

[1] The procedural history set forth in this section is derived from the Current Federal Petition and the public docket and court records in Eric W. Suggs v. M.E. Spearman, C.D. Cal. Case No. 5:17-cv-00570-GW-ADS (formerly GJS) ("First Federal Action"), Eric W. Suggs v. M. Eliot Spearman, Ninth Circuit Case No. 18-55964 ("First Ninth Circuit Action"), Eric Suggs v. Matthew Atchley, Ninth Circuit Case No. 21-71244 ("Second Ninth Circuit Action"), Eric W. Suggs v. Trent Allen, Case No. 01610 ("Third Ninth Circuit Action"), and the multiple California state court cases referenced herein, the latter of which are accessible via https://appellatecases.courtinfo.ca.gov. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

### B. First Federal Action and First Ninth Circuit Action

On March 24, 2017, petitioner formally filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("First Federal Petition") in the First Federal Action, challenging the judgment in the State Case on multiple grounds.

On June 26, 2018, this Court accepted the assigned United States Magistrate Judge's Report and Recommendation recommending denial of the First Federal Petition on the merits and dismissal of the First Federal Action with prejudice. Judgment was entered accordingly on June 27, 2018.

On July 13, 2018, petitioner filed a Notice of Appeal, initiating the First Ninth Circuit Action. On February 26, 2019, the Ninth Circuit denied petitioner's request for a certificate of appealability.

### C. Second Ninth Circuit Action

On August 23, 2021, petitioner filed an Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 in the Second Ninth Circuit Action. On October 18, 2021, the Ninth Circuit denied such application.

### D. Third Ninth Circuit Action

On September 28, 2022, petitioner filed another Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 in the Second Ninth Circuit Action. On December 12, 2022, the Ninth Circuit denied such application.

### E. Current Federal Petition

As noted above, on August 15, 2025, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition with this Court.[2]

---

[2] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in the Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003); see also Hooper v. Shinn, 56 F.4th 627 (9th Cir. 2022) (discussing standards governing second or successive habeas petitions).

The Court of Appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather

than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

    The First Federal Petition in the First Federal Action was denied on its merits – not for a technical or procedural reason.  Accordingly, the Current Federal Petition is successive.  Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV. ORDER

    IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

    IT IS SO ORDERED.

DATED: September 10, 2025

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

5